1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOYAL WEBBER,<br><br>         Plaintiff,<br><br>    v.<br><br>J. BARRIOS, *et al.*,<br><br>         Defendants. | Case No. 1:24-cv-00461-KES-EPG (PC)<br><br>ORDER VACATING JUNE 18, 2024 FINDINGS AND RECOMMENDATIONS<br><br>(ECF No. 10).<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION BE DISMISSED WITH PREJUDICE FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 11).<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS |

Plaintiff Doyal Webber is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. (ECF Nos. 1, 6). Plaintiff's amended complaint generally alleges that the guilty finding in a Rules Violation Report (RVR) was against the evidence because his cellmate took responsibility for the drugs that were found in his cell. (ECF No. 11).

On May 1, 2024, the Court screened the initial complaint and concluded that Plaintiff failed to state any cognizable claims. (ECF No. 7). The Court gave Plaintiff thirty days to file an amended complaint or to notify the Court that he wanted to stand on his complaint, warning him that if he failed to respond his case may be dismissed. (*Id.* at 11). After more than thirty days passed without Plaintiff filing anything, the Court issued findings and recommendations

on June 18, 2024, recommending that Plaintiff's case be dismissed with prejudice for failure to state a claim, failure to prosecute, and failure to comply with a court order. (ECF No. 10).

However, on June 24, 2024, Plaintiff filed an amended complaint, which he signed and dated June 4, 2024. (ECF No. 11). Accordingly, the Court will vacate its earlier findings and recommendations and screen the amended complaint. And as explained below, the Court will recommend that this case be dismissed with prejudice for failure to state a claim.

## I.    SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint, or a portion of it, if the prisoner has raised claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). Additionally, as Plaintiff is proceeding *in forma pauperis* (ECF No. 6), the Court may screen the complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (citation and internal quotation marks omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

1    Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal

2    pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that

3    *pro se* complaints should continue to be liberally construed after *Iqbal*).

4    **II.   SUMMARY OF PLAINTIFF'S AMENDED COMPLAINT**

5    Plaintiff indicates that the events in the complaint occurred at the Substance Abuse

6    Treatment Facility and State Prison (SATF) located in Corcoran, California. In the section of

7    the complaint designated for Defendants,[1] Plaintiff lists four SATF prison employees: (1)

8    Warden B. Phillips; (2) Associate Warden P. Liamas; (3) Lt. J. Barrios; and (4) Lt. J. Ervin.[2]

9    Generally, Plaintiff's complaint alleges that he was wrongly charged with distribution

10   of drugs in an RVR despite his cellmate taking responsibility for the drugs. He attaches various

11   documents related to the RVR proceedings. He does not offer many facts, but he complains

12   about an "an illegal and/or draconian regulation" impinging on prisoners' First Amendment

13   rights. He does not identify this regulation, but presumably, this allegation has to do with his

14   RVR proceedings. He complains about unspecified "false claims & retaliatory acts by staff"

15   concerning his charges, noting that his cellmate took responsibility for the drugs found in their

16   cell. He contends that the drugs found in his cell do not support a guilty finding as to him and

17   that he had no knowledge of the drugs.

18   Plaintiff also references legal authority related to state-created liberty interests, although

19   he fails to explain what liberty interests are implicated and how they apply to his case. Further,

20   he claims that all Defendants acted with an evil motive and demonstrated reckless indifference

21   to his constitutional rights. Plaintiff asks for $2.7 million in monetary damages.

22   **III.  ANALYSIS OF PLAINTIFF'S COMPLAINT**

23   **A.    Section 1983**

24   The Civil Rights Act under which this action was filed provides as follows:

---

26   [1] Minor alterations, such as altering punctuation and capitalization, have been made to some of
27   Plaintiff's quotations in the complaint without indicating each change.
     [2] Plaintiff lists these same four Defendants in the caption of his complaint but he adds "et al." after their
28   names, indicating that he may intend to sue other unnamed defendants. To the extent that Plaintiff
     purports to sue others, the Court finds no cognizable claims.

1
2
3
4

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *see also Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. County of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark County Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

A plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658,

4

691, 695 (1978).

Supervisory personnel are not liable under § 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a supervisory position, the causal link between the supervisory defendant and the claimed constitutional violation must be specifically alleged. *Iqbal,* 556 U.S. at 676-77; *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). To state a claim for relief under § 1983 based on a theory of supervisory liability, a plaintiff must allege some facts that would support a claim that the supervisory defendants either: were personally involved in the alleged deprivation of constitutional rights, *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); "knew of the violations and failed to act to prevent them," *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); or promulgated or "implement[ed] a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation," *Hansen*, 885 F.2d at 646 (citations and internal quotation marks omitted).

For instance, a supervisor may be liable for his or her "own culpable action or inaction in the training, supervision, or control of his [or her] subordinates," "his [or her] acquiescence in the constitutional deprivations of which the complaint is made," or "conduct that showed a reckless or callous indifference to the rights of others." *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991) (citations, internal quotation marks, and brackets omitted).

**B.      Rule 8(a)**

Notably, Plaintiff's amended complaint provides fewer factual allegations than his initial complaint. As set forth above, Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint is not required to include detailed factual allegations, it must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. And Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Id.* at 676-77.

Plaintiff's amended complaint fails to satisfy Rule 8(a) because he does not sufficiently describe what any Defendant did to violate his constitutional rights. For example, Plaintiff refers to a draconian regulation infringing on his First Amendment rights, but he fails to identify the regulation, explain how it infringes on his First Amendment rights, specify which Defendant was responsible, and state what act or omission makes any Defendant responsible. Further, Plaintiff does not identify the retaliatory acts allegedly committed by Defendants nor does he explain how any state-created liberty interests are implicated here.

On this basis alone, Plaintiff's complaint is subject to dismissal.

### C.   Challenge to RVR Guilty Finding

Liberally construed, it appears that Plaintiff—as in his initial complaint—is generally challenging the RVR guilty finding against him and is asserting that Defendants violated his constitutional rights by supporting that guilty finding. In particular, he asserts that the guilty finding is incorrect because his cellmate took full responsibility for the drugs found in their cell. As the Court previously explained in the initial screening order, and as it again explains below, Plaintiff fails to state a claim based on such allegations.

Plaintiff's guilty finding was the result of a prison disciplinary process. A prisoner retains his right to due process subject to the restrictions imposed by the nature of the penal system. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Id.  Wolff* established five constitutionally mandated procedural requirements for disciplinary proceedings. First, "written notice of the charges must be given to the disciplinary-action defendant in order to inform him of the charges and to enable him to marshal the facts and prepare a defense." *Id.* at 564. Second, "at least a brief period of time after the notice, no less than 24 hours, should be allowed to the inmate to prepare for the appearance before the [disciplinary committee]." *Id.* Third, "there must be a 'written statement by the factfinders as to the evidence relied on and reasons' for the disciplinary action." *Id.* (quoting *Morrissey v. Brewer*, 408 U.S. 471, 489 (1972)). Fourth, "the inmate facing

6

disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." *Id.* at 566. And fifth, "[w]here an illiterate inmate is involved [or] the complexity of the issue makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case, he should be free to seek the aid of a fellow inmate, or . . . to have adequate substitute aid . . . from the staff or from a[n] . . . inmate designated by the staff." *Id.* at 570.

Additionally, "some evidence" must support the decision of the hearing officer. *Superintendent v. Hill*, 472 U.S. 445, 455 (1985). The standard is not particularly stringent, and the relevant inquiry is "whether there is any evidence in the record that could support the conclusion reached . . . ." *Id.* at 455-56.

Here, Plaintiff does not challenge the procedure that resulted in a disciplinary finding against him. For example, Plaintiff does not allege that he failed to receive written notice of the disciplinary hearing, a period of time to prepare, the opportunity to present a defense, or a written statement of the evidence relied on and the reasons for the disciplinary action. Therefore, the complaint does not allege that Plaintiff failed to receive due process in connection with the RVR.

Nor does Plaintiff's allegation that his cellmate accepted responsibility for the drugs invalidate the guilty finding. As discussed above, this Court looks only to whether the disciplinary finding was supported by "some evidence." Here, even according to Plaintiff's complaint, drugs were found in his cell. That is some evidence of the charge against Plaintiff. While Plaintiff argues that his cellmate's statement should have convinced prison officials that Plaintiff himself was innocent, the presence of drugs in his cell is nevertheless some evidence that could support his guilty finding.  Plaintiff does not have a constitutional claim merely because he believes the evidence supports a different finding. *See Urmancheev v. Ndoh*, No. 1:21-CV-00255-JLT-HBK (PC), 2023 WL 8478024, at *4 (E.D. Cal. Dec. 7, 2023), *report and recommendation adopted*, 2024 WL 1660740 (E.D. Cal. Apr. 17, 2024) ("The FAC does not

allege that there was no evidence in the record that could support Plaintiff's guilty finding, only that prison staff did not provide him physical evidence confirming the testing of the alcohol he allegedly possessed. This is insufficient to set forth a due process violation."); *Kohut v. Martin*, No. 1:22-CV-00472-HBK (PC), 2023 WL 8977215, at *7 (E.D. Cal. Dec. 28, 2023) ("The FAC does not allege that there was no evidence in the record that could support Plaintiff's guilty finding; indeed, Plaintiff admits that he struck and knocked down inmate Mills. (Doc. No. 13 at 4-5 ¶ 17, id. at 56). Rather the FAC asserts that Defendant May did not sufficiently weigh evidence that Plaintiff was not the aggressor and was acting in self-defense. This is insufficient to set forth a due process violation."); *Williams v. Farley*, No. CV 20-4490-PA (KK), 2021 WL 1307603, at *8 (C.D. Cal. Apr. 2, 2021), *report and recommendation adopted*, 2021 WL 1299190 (C.D. Cal. Apr. 6, 2021) (rejecting Plaintiff's argument that RVR was based on unreliable testimony and finding some evidence to support the RVR).

Plaintiff's apparent allegations that Defendants falsely accused him of the RVR—presumably because his cellmate took responsibility for the drugs found in their cell—and yet failed to intervene in his being found guilty of the RVR also do not raise a claim for violation of Plaintiff's constitutional rights. "[A] prisoner has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest. As long as a prisoner is afforded procedural due process in the disciplinary hearing, allegations of a fabricated charge fail to state a claim under § 1983." *Muhammad v. Rubia*, 2010 WL 1260425, at *3 (N.D. Cal., Mar. 29, 2010), *aff'd*, 453 Fed. App'x 751 (9th Cir. 2011) (citations omitted); *Harper v. Costa*, 2009 WL 1684599, at *2-3 (E.D. Cal., June 16, 2009), *aff'd*, 393 Fed. Appx. 488 (9th Cir. 2010) ("Although the Ninth Circuit has not directly addressed this issue in a published opinion, district courts throughout California . . . have determined that a prisoner's allegation that prison officials issued a false disciplinary charge against him fails to state a cognizable claim for relief under § 1983.").

Moreover, while Plaintiff briefly refers to "retaliatory acts," this statement alone does not state a constitutional claim for retaliation. There are five basic elements to a First

Amendment retaliation claim: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). To prove the second element – retaliatory motive – plaintiff must show that his protected activities were a "substantial" or "motivating" factor behind the defendant's challenged conduct. *Brodheim v. Cry*, 584 F.3d 1262, 1269, 1271 (9th Cir. 2009). Plaintiff's allegations do not establish such a claim.  Plaintiff does not state what protected conduct he engaged in, how Defendants took some adverse action in response to that protected conduct, or how such action chilled Plaintiff's exercise of constitutional rights. Therefore, the complaint does not state a claim for retaliation under the First Amendment.

For these reasons, Plaintiff's allegations do not state a cognizable claim for violation of his constitutional rights.

**IV.    CONCLUSION, ORDER, AND RECOMMENDATIONS**

Based on the forgoing, the Court will recommend that this case be dismissed with prejudice for failure to state a claim. In its initial screening order, the Court provided guidance and legal standards and gave Plaintiff an opportunity to file an amended complaint, thus the Court does not recommend giving further leave to amend.

Accordingly, IT IS ORDERED that the Court's June 18, 2024, findings and recommendations (ECF No. 10) are vacated.

And IT IS RECOMMENDED as follows:

1.    This action be dismissed with prejudice for failure to state a claim; and

4.    The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 26, 2024**                          /s/ Erica P. Grosjean

UNITED STATES MAGISTRATE JUDGE