# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOYAL WEBBER,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>J. BARRIOS, *et al.*,<br><br>　　　　Defendants. | No. 1:24-cv-00461-KES-EPG (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING ACTION WITH PREJUDICE<br><br>Doc. 12 |

Plaintiff Doyal Webber is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. This matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Plaintiff initiated this action on April 18, 2024. Doc. 1. The assigned magistrate judge screened the complaint and found that plaintiff failed to state any cognizable claims. Doc. 7. The screening order directed plaintiff to either file a first amended complaint or notify the Court that he wished to proceed on the existing complaint. *Id.* at 1. Plaintiff filed a first amended complaint ("FAC") on June 24, 2024. Doc. 11.[1] On June 27, 2024, the magistrate judge issued findings and recommendations recommending that plaintiff's case be dismissed with prejudice for failure to state any cognizable claims. Doc. 12. The findings and recommendations were

---

[1] Prior to plaintiff's filing of the FAC, the assigned magistrate judge issued an earlier set of findings and recommendations on June 18, 2024, recommending dismissal of the action for failure to prosecute, failure to state a claim, and failure to comply with a court order. Doc. 10. The magistrate judge subsequently vacated those recommendations upon plaintiff's filing of the FAC. *See* Doc. 12.

1

1  served on plaintiff and contained notice that objections were to be filed within thirty days of
2  service. *Id*. at 9. Plaintiff filed objections dated July 24, 2024.[2] Doc. 14.

3       In accordance with 28 U.S.C. § 636(b)(1), this Court has conducted a de novo review of
4  this case. After carefully reviewing the file, including plaintiff's objections, the Court finds the
5  findings and recommendations are supported by the record and proper analysis.

6       The magistrate judge correctly found that plaintiff has not stated any cognizable claims.
7  In his FAC, plaintiff does not allege that defendants failed to provide him with the process due
8  to him within the prison disciplinary appeals process. *See generally* Doc. 11. Instead,
9  plaintiff's challenge of the rule violation report goes to the merits of the disciplinary finding
10 itself, which the United States Supreme Court has said need only be supported by "some
11 evidence." *Superintendent v. Hill*, 472 U.S. 445, 455 (1985); *Hines v. Gomez*, 108 F.3d 265,
12 268 (9th Cir. 1997) (applying *Hill*). Plaintiff also contests the validity of certain, unidentified
13 regulations without providing sufficient facts connecting such regulations to any constitutional
14 violation. *See generally* Doc. 11. Thus, plaintiff has not stated any due process claim.

15      To the extent plaintiff asserts that defendants' actions against him were retaliatory, he
16 does not identify any constitutionally protected conduct nor explain how such conduct triggered
17 the purported retaliatory acts. Lacking such information, the magistrate judge correctly
18 concluded that plaintiff also failed to state a First Amendment retaliation claim.

19      In his objections, plaintiff appears to assert that Cal. Code Regs. tit. 15, § 3023 (2024) is
20 not reasonably related to a legitimate penological interest and that it was improperly applied to
21 him, alleging he was disciplined pursuant to this authority.[3] Doc. 14 at 1–3. The gist of
22 plaintiff's argument appears to be that the "some evidence" standard relevant to disciplinary
23 findings should not apply here and that he retains other constitutional protections even if he
24 cannot show a due process violation. Doc. 14 at 2–5. While plaintiff is correct that prisoners
25 "retain other protection from arbitrary state action" in situations where the harms they face do

---

[2] Plaintiff filed other objections on July 10, 2024 (Doc. 13), but they appear to address the vacated findings and recommendations at Doc. 10.

[3] Cal. Code Regs., tit. 15, § 3023 addresses "Security Threat Group Behavior."

1  not establish due process concerns, *Hines*, 108 F.3d at 269, this objection does not undermine
2  the magistrate judge's conclusions and recommendation.  While a prisoner may invoke the First
3  or Eighth Amendments, or the Equal Protection Clause of the Fourteenth Amendment, in
4  situations that do not involve a due process violation, *id.*, plaintiff's FAC fails to allege any
5  such claim.  As the magistrate judge noted, plaintiff does not state a First Amendment claim or
6  any other claim.  The FAC does not contain "sufficient factual matter, accepted as true, to state
7  a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Dismissal of plaintiff's first amended complaint is therefore warranted.

Accordingly, it is HEREBY ORDERED:

1. The findings and recommendations issued on June 27, 2024, Doc. 12, are ADOPTED IN FULL;
2. This action is DISMISSED with prejudice for failure to state a claim; and
3. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:   May 29, 2025

_____
UNITED STATES DISTRICT JUDGE

3